IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WILLIAM PAUL ALEXANDER,

    Petitioner,

                                                                                           No. 21-cv-0599 MV/SMV

v.

FNU LNU and
ATTORNEY GENERAL OF THE STATE OF NEW MEXICO,

    Respondents.

## ORDER DENYING MOTION TO APPOINT COUNSEL

THIS MATTER is before the Court on Petitioner's Motion for Appointment of Counsel [Doc. 11], filed on May 25, 2022.

There is no constitutional right to counsel in habeas proceedings. *Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008). Instead, whether to appoint counsel is a matter left to the discretion of the court. *Swazo v. Wyo. Dep't of Corr.*, 23 F.3d 332, 333 (10th Cir. 1994). In so deciding, courts should consider "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (internal quotation marks omitted). Ultimately, the burden is on the petitioner "to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill v. Smithkline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (internal quotation marks omitted).

The Court is not convinced that appointment of counsel is warranted for these § 2254 proceedings. The nature of the factual issues and the complexity of the legal issues are not so novel or complex as to warrant appointment of counsel. Moreover, Petitioner is adequately

representing himself thus far. Accordingly, the Court will deny Petitioner's request for appointment of counsel.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Petitioner's Motion for Appointment of Counsel [Doc. 11] be **DENIED**.

**IT IS SO ORDERED**.

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**