IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

WILLIAM PAUL ALEXANDER,
    Petitioner,

No. 1:21-cv-0599 MV/DLM

FNU LNU, Warden, C.N.M.C.F., and
Attorney General for the State of New Mexico,
    Respondents.

## **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**[1]

THIS MATTER is before the Court on Petitioner William Paul Alexander's Amended Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 7) and Motion for New Trial or Evidentiary Hearing (Doc. 33). Having considered the record and the relevant law, the Court concludes that Alexander has filed a mixed petition containing both exhausted and unexhausted claims. I recommend the Court allow Alexander 30 days to file a notice that indicates whether he wants to either attempt to exhaust his state habeas claims or voluntarily dismiss all unexhausted claims.

I.    **Factual and Procedural Background**

Alexander is serving a term of life imprisonment plus 36 years in the custody of the New Mexico Corrections Department pursuant to a May 18, 2018 judgment entered in *New Mexico v. Alexander*, D-202-CR-2016-1875. (*See* Doc. 21-1 at 61–64.[2]) Alexander's convictions stem from the confinement and violent beating of Tiffany Boyer, resulting in her death, in August 2015. (*See*

---

[1] United States District Judge Martha Vazquez entered an Order of Reference on March 28, 2023, referring this case to the undersigned magistrate judge "to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case." (Doc. 27.)

[2] The Court will refer to the exhibits using Doc. 21-1 and the page number(s). The Court encourages Respondents, in the future, to include a guide to numbered exhibits that includes page numbers for ease of reference.

Doc. 21 at 2 (citing Doc. 21-1 at 1–3).) The Court will briefly summarize the facts underlying the convictions at issue in this matter as outlined in the New Mexico Supreme Court's Decision denying Alexander's appeal. (*See* Doc. 21-1 at 168–83.)

According to the evidence adduced at trial, three individuals (Alexander's accomplices) drove Boyer to a house. (*Id.* at 169.) Alexander and his accomplices believed that Boyer had falsely accused one of their friends of raping her "and that her accusation led to [the friend's] disappearance and death." (*Id.*) At the house, Alexander's accomplices bound, interrogated, and beat Boyer. (*Id.* at 170.) Alexander arrived at the house and "announced, 'I'm here to take care of your problem.'" (*Id.*) After an accomplice bludgeoned Boyer with her fists and a pool cue, Alexander hit Boyer "in the head with a hammer, killing her." (*Id.*)

On January 18, 2018, the jury began its deliberations on seven counts: Count 1: willful and deliberate first-degree murder, and in the alternative, felony murder; Count 2: conspiracy to commit first-degree murder, and in the alternative, conspiracy to commit felony murder; Count 3: kidnapping; Count 4: conspiracy to commit kidnapping; Counts 5–6: tampering with evidence; and Count 7: conspiracy to commit tampering.[3] (*See* Doc. 21 at 1–2 (citing Doc. 21-1 at 1–3).) During its deliberations, the jury asked the court two questions. (*See* Doc. 21-1 at 103–04 (jury beginning deliberations at 9:13 a.m.; sending question #1 to court at 11:42 a.m.), 105–06 (sending question #2 to court at 2:04 p.m.).) To each question, the court responded: "You have been instructed on the law. You must rely on the instructions provided." (*See id.* at 104–06.) Approximately five hours after it began, the jury returned with only one signed verdict form. (*See id.* at 103, 108–09.) Upon questioning by the court, the foreperson affirmed that further

---

[3] "The state district court dismissed Count 8, which charged Mr. Alexander with being a felon in possession of a firearm, on February 12, 2018." (*See* Doc. 2 at 2 n.2 (citing Doc. 21-1 at 57).)

2

deliberations would be useful. (*See id.* at 110.) The jury retired once more to resume deliberations. (*Id.* at 110–11.) The jury returned approximately ten minutes later with all verdict forms signed. (*See id.* at 112–13.) The jury found Alexander guilty on all counts—including *both* alternatives for Counts 1 and 2; that is, the jury found Alexander guilty of *both* willful and deliberate first-degree murder *and* felony murder (charged in the alternative) in Count 1, and of *both* conspiracy to commit first-degree murder *and* conspiracy to commit felony murder (charged in the alternative) in Count 2. (*See id.* at 113–14.)

Defense counsel orally moved for a mistrial on Count 1 and argued the jury's conduct evidenced confusion. (*See id.* at 117.) As instructed by the court, defense counsel later filed a written motion. (*See id.* at 7–9, 117–18.) The State opposed the motion "but nevertheless asked the court to vacate [the] felony-murder conviction so that the first-degree murder and kidnapping convictions both could stand." (Doc. 21 at 3 (citing Doc. 21-1 at 54–56).) The court sided with the State, denying Alexander's motion and vacating the felony murder conviction. (*See* Doc. 21-1 at 58–59.) The court also vacated the convictions for conspiracy to commit felony murder (the alternative charge in Count 2), conspiracy to commit kidnapping (Count 4), conspiracy to commit tampering (Count 7), and one of the two convictions for tampering with evidence (Count 6). (*See id.* at 62–63.) Thus, Alexander's sentence reflects convictions for: <u>Count 1</u>: willful and deliberate first-degree murder; <u>Count 2</u>: conspiracy to commit first-degree murder; <u>Count 3</u>: kidnapping; and <u>Count 5</u>: tampering with evidence. (*See id.* at 63.) The court sentenced Alexander to life followed by 36 years. (*See id.*)

  **A.** **Direct Appeal**

On May 14, 2018, Alexander filed a direct appeal to the New Mexico Supreme Court. (*Id.* at 66.) Through counsel Liane Kerr, Alexander listed six issues in the "Statement of Issues":

> Issue I: The Count 1 conviction (first degree murder) should be set aside due to juror confusion.
>
> Issue II: Alexander was subjected to double jeopardy because he was sentenced to both first degree murder and to the predicate felony (kidnapping).
>
> Issue III-A: Alexander's due process rights were violated when the jury signed verdict forms for both alternative charges in Count 1; and there was insufficient evidence to convict Alexander of first degree murder.
>
> Issue III-B: Alexander's due process rights were violated when he was convicted of kidnapping under an accomplice liability theory, as there was insufficient evidence to support the conviction.
>
> Issue III-C: Alexander's due process rights were violated because there was insufficient evidence to support the tampering conviction.
>
> Issue III-D: Alexander's due process rights were violated because the facts did not support the convictions for conspiracy to commit kidnapping or conspiracy to commit murder.

(*Id.* at 85–92.) Alexander presented argument on only three of these issues—numbers I, II, and III-B—in his brief-in-chief. (*See id.* at 138, 141–42.)

On February 13, 2020, the New Mexico Supreme Court affirmed the judgment and sentence. (*See id.* at 168–83.) The New Mexico Supreme Court issued its mandate on March 2, 2020. (*Id.* at 184.)

### B. State Habeas Petition and Alexander's Failure to Exhaust

On December 15, 2020, Alexander filed a pro se petition for writ of habeas corpus in the state district court. (*See id.* at 185.) Alexander listed three grounds for relief:

> Ground 1: Ineffective assistance of trial counsel.
>
> Ground 2: Ineffective assistance of appellate counsel.
>
> Ground 3: Actual innocence claim and related due process violations.

(*Id.*)

The Law Offices of the Public Defender (LOPD) reviewed the petition and concluded that it was "unable to determine whether this is a proceeding that a person of adequate means would be willing to bring at his own expense, and advise[d] that the petition should be returned to [Alexander] for revision." (*Id.* at 215–16 (underlining omitted).) Alexander filed several motions in his state habeas case after the LOPD completed its review: a motion to extend, a motion for photocopied trial transcripts, a motion to extend and to appoint counsel, a motion for discovery, and an affidavit of indigency and request for free process. (*See id.* at 224–50.)

On October 17, 2022, the state district court filed an Order dismissing Alexander's state habeas petition on the merits. (*See* Doc. 34-1.) Alexander had 30 days from the October 17, 2022 Order to file a petition for writ of certiorari seeking review of the dismissal by the New Mexico Supreme Court. *See* Rules 5-802(N)(2), 12-501(B) NMRA. He did not. Respondents noted this shortcoming in their Motion to Clarify and correctly observed that if Alexander does not file a petition with the New Mexico Supreme Court, the claims in his state habeas petition will not be exhausted. (*See* Doc. 36 at 2–3.)

The Court entered an Order on December 15, 2023, directing Alexander to indicate whether he intended to file, with the New Mexico Supreme Court, a motion to extend time to file a petition for writ of certiorari. (Doc. 37 at 2.) The Court noted that the New Mexico "Supreme Court may extend the time for filing the petition on a showing of good cause and circumstances beyond the control of the petitioner." (*Id.* at 1 (quoting Rule 12-501(C)(3) NMRA).) Alexander timely responded to the Court's Order and stated that he did not know he could seek discretionary review from the New Mexico Supreme Court and does not understand what a certiorari petition is. (*See* Doc. 38 at 4.) He did not state whether he intends to file a motion with the New Mexico Supreme Court. (*See id.*)

On receipt of Alexander's response, the Court entered another Order that attempted to shed some light on the exhaustion process and lay out Alexander's options moving forward. (*See* Doc. 39.) The Court explained that a federal court may not review unexhausted claims and that Alexander has two choices regarding the claims he asserted in his state habeas petition, which are currently unexhausted. (*See id.* at 2.) First, if Alexander wishes to fully exhaust the claims, he may file, with the New Mexico Supreme Court, a motion to extend the time to file a petition for writ of certiorari. (*Id.* (citing Rule 12-501(C)(3) NMRA).) Second, if Alexander does not wish to seek review of those claims by the New Mexico Supreme Court, the undersigned explained that I would likely recommend the Court set a deadline for Alexander to voluntarily dismiss those claims in order to move forward only with the exhausted claims in his § 2254 Petition. (*See id.*) Alexander again filed a timely response, but the response primarily recites arguments addressed in his petition. (*See* Doc. 40.) Alexander asserts that he is "not sure whether to dismiss claims or which one[s,]" and seeks "appellate review of the proposed findings . . . ." (*Id.* at 18.)

To repeat, the Court did not advise Alexander to dismiss any claims. Rather, the Court explained to Alexander that the claims he raised in his state habeas petition are unexhausted, and this Court does not consider unexhausted claims when reviewing a § 2254 petition. *See Selsor v. Workman*, 644 F.3d 984, 1026 (10th Cir. 2011) ("A state prisoner generally may not raise a claim for federal habeas corpus relief unless he 'has exhausted the remedies available in the courts of the State.'") (quoting 28 U.S.C. § 2254(b)(1)(A)). As explained previously, Alexander may file a motion with the New Mexico Supreme Court to explain the delay (i.e., his medical conditions and transfers) and ask for an extension to file a petition for writ of certiorari. If the New Mexico Supreme Court allows the extension, Alexander may then file his petition for writ of certiorari with the New Mexico Supreme Court, thus exhausting the claims in his state habeas petition.

### C.     Alexander's § 2254 Claims

Alexander filed his Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody on July 18, 2021. (Doc. 1.) He filed an Amended Petition on July 20, 2021. (Doc. 7.) He brings the following claims:

Ground 1:   Double jeopardy and due process violations due to juror confusion.

Ground 2:   Double jeopardy and due process violations due to convictions for both first-degree murder and kidnapping.

Ground 3:   Double jeopardy and due process violations on the basis that the state court "should have vacated [his] kidnapping conviction when it vacated [the] felony murder conviction . . . ."

Ground 4:   Due process violations due to insufficient evidence to convict him on all counts.

Ground 5:   Due process violations due to insufficient evidence to support the tampering with evidence conviction.

Ground 6.   Due process violations due to insufficient evidence to support the conspiracy to commit kidnapping and murder conviction.

Ground 7:   Ineffective assistance of trial counsel:

7(a):   Due to trial counsel's failure to communicate with Alexander;

7(b):   Due to trial counsel's failure to investigate;

7(c):   Due to trial counsel's failure to allow Alexander to testify at trial; and

7(d):   Due to trial counsel's failure to call defense witnesses.

Ground 8:   Ineffective assistance of appellate counsel due to a failure to communicate with Alexander and a failure to include issues in the appeal brief.

Ground 9:   Due process violations due to the improper impaneling of a juror.

Ground 10:   Actual innocence claim.

(Doc. 7 at 6, 9, 11, 13, 15–18, 26, 30–31.)

Respondents filed a limited answer on September 15, 2022, arguing Alexander has filed a mixed petition containing both exhausted and unexhausted claims. (*See* Doc. 21.) Respondents originally asked the Court to recommend that Alexander's petition be dismissed without prejudice with leave to refile, if necessary, after Alexander exhausted the claims in his state habeas petition. (*See id.* at 12–13.) Now that the state district court has denied the state habeas petition, Respondents indicate that they will still request dismissal without prejudice due to Alexander's failure to exhaust. (*See* Doc. 36 at 4.)

**II.     Legal Standards Regarding Exhaustion and Default**

   **A.     Exhaustion of State Court Remedies**

"A state prisoner generally may not raise a claim for federal habeas corpus relief unless he 'has exhausted the remedies available in the courts of the State.'" *Selsor*, 644 F.3d at 1026 (quoting 28 U.S.C. § 2254(b)(1)(A)). Exhaustion requires that a state prisoner pursue his claims "through 'one complete round of the State's established appellate review process,' giving the state courts a 'full and fair opportunity' to correct alleged constitutional errors." *Id.* (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). In other words, "a state prisoner seeking federal habeas relief generally must have first submitted each of his claims to the State's highest court." *Jernigan v. Jaramillo*, 436 F. App'x 852, 855 (10th Cir. 2011) (citing *O'Sullivan*, 526 U.S. at 845; 2 Randy Hertz & James S. Liebman, *Federal Habeas Corpus Practice and Procedure* § 23.3 [b], at 1205–06 (6th ed. 2011) ("[T]he petitioner satisfies her exhaustion burden by raising a claim at all stages of the state's appellate review process (including discretionary state appeals).")).

Federal courts normally will not consider unexhausted claims "unless exhaustion would have been futile because either 'there is an absence of available State corrective process' or

'circumstances exist that render such process ineffective to protect the rights of the applicant.'" *Selsor*, 644 F.3d at 1026 (quoting 28 U.S.C. §§ 2254(b)(1)(B)(i), (ii)). "The state prisoner bears the burden of proving that he exhausted state court remedies[] or that exhaustion would have been futile." *Id.* (citations omitted).

### B.    Mixed Petitions

"Generally, a federal court should dismiss unexhausted claims without prejudice so that the petitioner can pursue available state-court remedies." *Grant v. Royal*, 886 F.3d 874, 891–92 (10th Cir. 2018) (quotation marks and citations omitted). Where a petitioner brings a "mixed petition" containing both exhausted and unexhausted claims, the court may:

> (1) dismiss the mixed petition in its entirety; (2) stay the petition and hold it in abeyance while the petitioner returns to state court to raise his unexhausted claims; (3) permit the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims; or (4) ignore the exhaustion requirement altogether and deny the petition on the merits if none of the petitioner's claims has any merit.

*Fairchild v. Workman*, 579 F.3d 1134, 1156 (10th Cir. 2009) (quotation and internal citations omitted).

### III.   Analysis

### A.    Exhausted Claims

Respondents accurately assert that Alexander brings a mixed petition.[4] (Doc. 21 at 10.) They concede that Alexander exhausted Grounds 1 and 2, the portion of Ground 3 related to due process, and the portion of Ground 6 related to the conspiracy to commit kidnapping charge. (*Id.* at 10–11.) Alexander argued these claims in his brief-in-chief before the New Mexico Supreme Court. (*See id.*; *see also* Doc. 21-1 at 121–48.) The Court agrees with Respondents and

---

[4] Alexander filed a reply brief but did not address the issue of exhaustion. (*See* Doc. 31.)

recommends finding that Alexander exhausted Grounds 1 and 2 and parts of Grounds 3 and 6.

**B.    Unexhausted Claims**

Respondents argue that Alexander has not exhausted the remainder of his claims, including Grounds 4–5, 7–10, the portion of Ground 3 related to double jeopardy, and the portion of Ground 6 related to the conspiracy to commit murder charge. (*See* Doc. 21 at 11.) Respondents assert that any claims raised in the Statement of Issues but not argued in the brief-in-chief, including Grounds 4–5 and the remaining parts of Grounds 3 and 6, are abandoned and unexhausted. (*See* Doc. 21 at 11 (discussing, *e.g.*, *Maes v. Thomas*, 46 F.3d 979, 986 (10th Cir. 1995)).) The Court agrees that because Alexander did not include these claims in his brief-in-chief, they are unexhausted. (*See* Doc. 21-1 at 121–48.)

Alexander raised several of his claims, including at least Grounds 7(a), 7(b), 7(d) (ineffective assistance of trial counsel), 8 (ineffective assistance of appellate counsel), and 10 (actual innocence), in his state habeas petition.[5] (*See* Doc. 21-1 at 185–88.) As explained in the Court's December 15, 2023 and January 2, 2024 Orders and above in Section I(B), however, those claims remain unexhausted, as Alexander has not sought review of the state district court's decision by the New Mexico Supreme Court by filing a petition for writ of certiorari.

**C.    Mixed Petition**

I recommend finding that Alexander filed a mixed petition containing both exhausted and unexhausted claims. Again, the Court may:

> (1) dismiss the mixed petition in its entirety; (2) stay the petition and hold it in abeyance while the petitioner returns to state court to raise his unexhausted claims; (3) permit the petitioner to dismiss the unexhausted claims and proceed with the

---

[5] As state courts have discretion to consider second habeas petitions, Alexander may seek to file a second or successive state habeas petition to exhaust all remaining claims that have not been exhausted or are not part of his already-filed state habeas petition. *See* Rule 5-802(I) NMRA; *see also, e.g.*, *Power v. Santistevan*, No. CV 19-1055 KWR/SCY, 2023 WL 3230522, at *8 (D.N.M. May 3, 2023), *R&R adopted*, 2023 WL 4248175 (D.N.M. June 29, 2023).

exhausted claims; or (4) ignore the exhaustion requirement altogether and deny the petition on the merits if none of the petitioner's claims has any merit . . . .

*Fairchild*, 579 F.3d at 1156 (quotation and internal citations omitted). The Court cautioned Alexander in its previous orders that he will not be permitted to proceed on his § 2254 petition with both exhausted and unexhausted claims. (*See* Docs. 37 at 2; 39 at 2.) Thus, the Court recommends giving Alexander "the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to" this Court. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982).

Specifically, I recommend the Court allow Alexander 30 days to file a notice that indicates his choice between the following two options:

1. <u>Attempt to exhaust state habeas claims</u>: As outlined in the Court's December 15, 2023 and January 2, 2024 Orders, Alexander may attempt to exhaust the claims in his state habeas petition. If Alexander chooses to pursue exhaustion, he shall file with the New Mexico Supreme Court a motion to extend time to file a petition for writ of certiorari pursuant to Rule 12-501(C)(3). Additionally, he shall file a notice in this Court indicating his choice, together with a copy of the motion to extend time that he filed with the New Mexico Supreme Court.

2. <u>Voluntary dismissal of all unexhausted claims</u>: If Alexander does not wish to attempt to exhaust the claims in his state habeas petition, he may file a notice indicating his intent to voluntarily dismiss the claims brought in Grounds 4–5, 7–10, the portion of Ground 3 related to double jeopardy, and the portion of Ground 6 related to the conspiracy to commit murder charge.

Finally, if Alexander fails to file a notice within the 30-day deadline that clearly indicates[6] one of the two choices above, I recommend the Court dismiss the entire Petition without prejudice.

---

[6] The undersigned reminds Alexander that the Court may not serve as Alexander's advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Thus, if Alexander responds only that he does not understand his choices and thus fails to make a choice, the Court will construe that response as a non-response and will recommend dismissal without prejudice.

Alexander should take care to "assess the ramifications of" his options. *See Casaus v. Hatch*, No. CV 20-1269 WJ/KK, 2023 WL 6805727, at *6 (D.N.M. Oct. 16, 2023). If he chooses to dismiss the claims listed above and pursue the remaining exhausted claims only, "'he could lose the opportunity to litigate his presently unexhausted claims in federal court,' because the unexhausted claims could be characterized as 'second or successive' in a subsequent federal action under Section 2254." *See id.* (quoting *Rose*, 455 U.S. at 514, 521) (citing 28 U.S.C. § 2244(b); *Tapia v. Lemaster*, 172 F.3d 1193, 1194–96 (10th Cir. 1999)). If he fails to clearly indicate a choice and the Court dismisses his entire Petition, he "should consider whether state and/or federal statutes of limitation may bar some or all of his claims (whether exhausted or not) should he try to pursue them in state and/or federal court in the future." *See id.* (citing § 2244(d)(2); *Duncan v. Walker*, 533 U.S. 167, 181–82 (2001) (the statute of limitations is not tolled during the pendency of a federal habeas petition)).

## IV. Conclusion

**IT IS HEREBY RECOMMENDED** that the Court set a 30-day deadline for Alexander to file a notice as outlined above. Should Alexander fail to timely file a notice indicating his choice between attempting to exhaust the claims in his state habeas petition or voluntary dismissal of all his unexhausted claims, I recommend the Court dismiss the entire petition without prejudice.

**IT IS FURTHER RECOMMENDED** that the Court **deny without prejudice** as premature the Motion for New Trial or Evidentiary Hearing (Doc. 33).

**THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the 14-day period if that party wants to have appellate**

**review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
DAMIAN L. MARTINEZ
UNITED STATES MAGISTRATE JUDGE