IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

WILLIAM PAUL ALEXANDER,
    Petitioner,

No. 1:21-cv-0599 MV/DLM

FNU LNU, Warden, C.N.M.C.F., and
Attorney General for the State of New Mexico,
    Respondents.

## **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**[1]

THIS MATTER is before the Court on Petitioner William Paul Alexander's Amended Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 7) and Respondents' Supplemental Answer (Doc. 54). Having considered the record and the relevant law, the Court concludes that Alexander's petition is still mixed, containing both exhausted and unexhausted claims. I recommend the Court give Alexander 21 days to voluntarily dismiss the unexhausted claims. If he fails to do so, I recommend dismissing without prejudice his entire petition.

**I.**     **Factual and Procedural Background**

Alexander is serving a term of life imprisonment plus 36 years in the custody of the New Mexico Corrections Department pursuant to a May 18, 2018 judgment entered in *New Mexico v. Alexander*, D-202-CR-2016-1875. (*See* Doc. 54-1 at 58–61.[2]) Alexander's convictions stem from the confinement and violent beating of Tiffany Boyer, resulting in her death, in August 2015. (*See*

---

[1] United States District Judge Kea W. Riggs entered an Order of Reference on March 23, 2023, referring this case to the undersigned magistrate judge "to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case." (Doc. 20.)
[2] The Court will cite the exhibits using the CM/ECF document and page numbers. For example, the Court will cite the State Judgment (Exhibit P) as Doc. 54-1 at 58–61. The Court greatly appreciates Respondents' concise pagination of the record. (*See* Doc. 54 at 10–12.)

*id.* at 139–40.) The Court will briefly summarize the facts underlying the convictions as outlined in the New Mexico Supreme Court's Decision denying Alexander's appeal. (*See id.* at 138–53.)

According to the evidence adduced at trial, three individuals (Alexander's accomplices) drove Boyer to a house. (*Id.* at 139.) Alexander and his accomplices believed that Boyer had falsely accused one of their friends of raping her "and that her accusation led to [the friend's] disappearance and death." (*Id.*) At the house, Alexander's accomplices bound, interrogated, and beat Boyer. (*Id.* at 140.) Alexander later arrived at the house and "announced, 'I'm here to take care of your problem.'" (*Id.*) After one accomplice (Stephanie Stepp) bludgeoned Boyer with her fists and a pool cue, Alexander hit Boyer "in the head with a hammer, killing her." (*Id.*)

On January 18, 2018, the jury began its deliberations on seven counts: <u>Count 1</u>: willful and deliberate first-degree murder, and in the alternative, felony murder; <u>Count 2</u>: conspiracy to commit first-degree murder, and in the alternative, conspiracy to commit felony murder; <u>Count 3</u>: kidnapping; <u>Count 4</u>: conspiracy to commit kidnapping; <u>Counts 5–6</u>: tampering with evidence; and <u>Count 7</u>: conspiracy to commit tampering.[3] (*See* Doc. 54 at 2 (citing Doc. 54-1 at 58–61).) Approximately five hours after it began, the jury returned with only one signed verdict form. (*See* Doc. 54-1 at 103, 108–09.) Upon questioning by the court, the foreperson affirmed that further deliberations would be useful. (*See id.* at 110.) The jury retired once more to resume deliberations and returned approximately ten minutes later with all verdict forms signed. (*See id.* at 110–13.) The jury found Alexander guilty on all counts—including *both* alternatives for Counts 1 and 2; that is, the jury found Alexander guilty of *both* willful and deliberate first-degree murder *and* felony murder (charged in the alternative) in Count 1, and of *both* conspiracy to commit first-

---

[3] "The state district court dismissed Count 8, which charged Mr. Alexander with being a felon in possession of a firearm, on February 12, 2018." (*See* Doc. 21 at 2 n.2 (citing Doc. 21-1 at 57).)

2

degree murder *and* conspiracy to commit felony murder (charged in the alternative) in Count 2. (*See id.* at 43–51.)

Defense counsel orally moved for a mistrial on Count 1 and argued the jury's conduct evidenced confusion. (*See id.* at 10.) Defense counsel later filed a written motion. (*See id.*) The State opposed the motion but asked the court to vacate the conviction for felony murder in the alternative to count 1. (*See id.* at 52.) The court sided with the State, denying the motion and vacating the felony murder conviction. (*See id.* at 55–56.) The court also vacated the convictions for conspiracy to commit felony murder (the alternative charge in Count 2), conspiracy to commit kidnapping (Count 4), conspiracy to commit tampering (Count 7), and one of the two convictions for tampering with evidence (Count 6). (*See id.* at 59–60.) Thus, Alexander's sentence reflects convictions for: Count 1: willful and deliberate first-degree murder; Count 2: conspiracy to commit first-degree murder; Count 3: kidnapping; and Count 5: tampering with evidence. (*See id.* at 60.) The court sentenced Alexander to life followed by 36 years. (*See id.*)

A.  **Direct Appeal**

On May 14, 2018, Alexander filed a direct appeal to the New Mexico Supreme Court. (*Id.* at 62.) Through counsel Liane Kerr, Alexander listed six issues in the "Statement of Issues":

Issue I: The Count 1 conviction (first-degree murder) should be set aside due to juror confusion.

Issue II: Alexander was subjected to double jeopardy because he was sentenced to both first-degree murder and to the predicate felony (kidnapping).

Issue III-A: Alexander's due process rights were violated when the jury signed verdict forms for both alternative charges in Count 1; and there was insufficient evidence to convict Alexander of first-degree murder.

Issue III-B: Alexander's due process rights were violated when he was convicted of kidnapping under an accomplice liability theory, as

3

| | |
|---|---|
| | there was insufficient evidence to support the conviction. |
| Issue III-C: | Alexander's due process rights were violated because there was insufficient evidence to support the tampering conviction. |
| Issue III-D: | Alexander's due process rights were violated because the facts did not support the convictions for conspiracy to commit kidnapping or conspiracy to commit murder. |

(*Id.* at 81–88.) Alexander presented argument on only three of these issues—numbers I, II, and III-B—in his brief-in-chief. (*See id.* at 108, 111–12.)

On February 13, 2020, the New Mexico Supreme Court affirmed the judgment and sentence. (*See id.* at 138–53.) The New Mexico Supreme Court issued its mandate on March 2, 2020. (*Id.* at 154.)

### B. State Habeas Petition and Alexander's Failure to Exhaust

On December 15, 2020, Alexander filed a pro se petition for writ of habeas corpus in the state district court. (*See id.* at 155.) Alexander listed three grounds for relief:

| | |
|---|---|
| Ground 1: | Ineffective assistance of trial counsel on the basis that counsel failed to: (a) provide him with discovery; (b) adequately communicate with him; (c) present a defense, particularly regarding the accomplice liability theory of first-degree murder or kidnapping; (d) call his requested witnesses; (e) cross-examine Deputy Koppman about coaching Alexander's accomplices or offering them "sweetheart" plea deals; (f) make unspecified objections; (g) cross-examine accomplice Stephanie Stepp about an online admission; and (f) object or move for mistrial when a juror disclosed that he was friends with an attorney at the District Attorney's Office. |
| Ground 2: | Ineffective assistance of appellate counsel on the basis that counsel failed to: (a) adequately communicate with him; (b) assert a claim for ineffective assistance of trial counsel; and (c) argue actual innocence. |
| Ground 3: | Actual innocence claim and insufficient evidence. |

(*Id.* at 155–58.)

The Law Offices of the Public Defender (LOPD) reviewed the petition and concluded that it was "unable to determine whether this is a proceeding that a person of adequate means would be willing to bring at his own expense, and advise[d] that the petition should be returned to [Alexander] for revision." (*Id.* at 155–56 (underlining omitted).) On October 17, 2022, the state district court filed an Order dismissing Alexander's state habeas petition on the merits. (*See id.* at 194–208.) Although Alexander failed to file a timely petition for writ of certiorari, this Court stayed the case so that he could do so. (*See* Docs. 36 at 2–3; 42–43.) The New Mexico Supreme Court ultimately denied Alexander's request for review on July 8, 2024. (*See* Doc. 54-1 at 219.)

C.   **Alexander's § 2254 Claims**

Alexander filed his Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody on July 18, 2021. (Doc. 1.) He filed an Amended Petition on July 20, 2021. (Doc. 7.) He brings the following claims:

Ground 1:   Double jeopardy violation due to juror confusion on the alternative counts.

Ground 2:   Double jeopardy and due process violations due to convictions for both first-degree murder and kidnapping.

Ground 3:   Double jeopardy and due process violations on the basis that the state court "should have vacated [his] kidnapping conviction when it vacated [the] felony murder conviction . . . ."

Ground 4:   Due process violations due to insufficient evidence to convict him on all counts.

Ground 5:   Due process violations due to insufficient evidence to support the tampering with evidence conviction.

Ground 6.   Due process violations due to insufficient evidence to support the conspiracy to commit kidnapping and murder convictions.

Ground 7:   Ineffective assistance of trial counsel:

| | | |
|---|---|---|
| 7(a): | | Due to trial counsel's failure to communicate with Alexander; |
| 7(b): | | Due to trial counsel's failure to investigate alibi witnesses, Stephanie Stepp's online admission; and raids on Alexander's residence; |
| 7(c): | | Due to trial counsel's failure to allow Alexander to testify at trial; and |
| 7(d): | | Due to trial counsel's failure to call defense witnesses. |
| Ground 8: | | Ineffective assistance of appellate counsel due to a failure to communicate with Alexander and a failure to include issues in the appeal brief. |
| Ground 9: | | Due process violations due to the improper impaneling of a juror. |
| Ground 10: | | Actual innocence claim. |

(Doc. 7 at 6, 9, 11, 13, 15–18, 26, 30–31.)

Respondents filed a limited answer on September 15, 2022, arguing Alexander filed a mixed petition containing both exhausted and unexhausted claims. (*See* Doc. 21.) Following the New Mexico Supreme Court's denial of Alexander's petition, Respondents filed a Supplemental Answer and ask the Court to deny Alexander's petition in full. (Doc. 54.)

## II.  Legal Standards Regarding Exhaustion and Default

### A.  Exhaustion of State Court Remedies

"A state prisoner generally may not raise a claim for federal habeas corpus relief unless he 'has exhausted the remedies available in the courts of the State.'" *Selsor v. Workman*, 644 F.3d 984, 1026 (10th Cir. 2011) (quoting 28 U.S.C. § 2254(b)(1)(A)). Exhaustion requires that a state prisoner pursue his claims "through 'one complete round of the State's established appellate review process,' giving the state courts a 'full and fair opportunity' to correct alleged constitutional errors." *Id.* (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). In other words, "a state

prisoner seeking federal habeas relief generally must have first submitted each of his claims to the State's highest court." *Jernigan v. Jaramillo*, 436 F. App'x 852, 855 (10th Cir. 2011) (citing *O'Sullivan*, 526 U.S. at 845; 2 Randy Hertz & James S. Liebman, *Federal Habeas Corpus Practice and Procedure* § 23.3 [b], at 1205–06 (6th ed. 2011) ("[T]he petitioner satisfies her exhaustion burden by raising a claim at all stages of the state's appellate review process (including discretionary state appeals).")).

Federal courts normally will not consider unexhausted claims "unless exhaustion would have been futile because either 'there is an absence of available State corrective process' or 'circumstances exist that render such process ineffective to protect the rights of the applicant.'" *Selsor*, 644 F.3d at 1026 (quoting 28 U.S.C. §§ 2254(b)(1)(B)(i), (ii)). "The state prisoner bears the burden of proving that he exhausted state court remedies[] or that exhaustion would have been futile." *Id.* (citations omitted).

**B.      Mixed Petitions**

"Generally, a federal court should dismiss unexhausted claims without prejudice so that the petitioner can pursue available state-court remedies." *Grant v. Royal*, 886 F.3d 874, 891–92 (10th Cir. 2018) (quotation marks and citations omitted). Where a petitioner brings a "mixed petition" containing both exhausted and unexhausted claims, the court may:

> (1) dismiss the mixed petition in its entirety; (2) stay the petition and hold it in abeyance while the petitioner returns to state court to raise his unexhausted claims; (3) permit the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims; or (4) ignore the exhaustion requirement altogether and deny the petition on the merits if none of the petitioner's claims has any merit.

*Fairchild v. Workman*, 579 F.3d 1134, 1156 (10th Cir. 2009) (quotation and internal citations omitted).

**III.     Analysis**

Respondents contend, and I agree, that Alexander brings a mixed petition. As discussed below, I recommend finding that Alexander exhausted Grounds 1–3, parts of Grounds 4 and 6, all but two subclaims in Ground 7, Ground 8, and ground 10. Alexander failed to exhaust the remaining parts of Grounds 4, 6, and 7, and all of Grounds 5 and 9.

**A.     Grounds 1–3, 8, and 10 and parts of Grounds 4, 6, and 7 are exhausted.**

Respondents concede that Alexander exhausted his available state-court remedies as to Grounds 1 (juror confusion), Grounds 2–3 and parts of Grounds 4 and 6 (the kidnapping-related claims), which he raised to the New Mexico Supreme Court on direct appeal. (*See* Doc. 54 at 16–21.) The Court agrees that Alexander argued these claims in his brief-in-chief. (*See* Doc. 54-1 at 91–118.) Respondents further concede that Alexander exhausted his available state-court remedies as to Grounds 8, 10, and all but two subclaims in Ground 7, which he raised in his state habeas and certiorari petitions.[4] (*See* Doc. 54 at 27–29, 31–32.) The Court agrees that Alexander exhausted these claims. (*See* Docs. 54-1 at 155–84, 209–18.)

**B.     Grounds 5 and 9 and the remaining parts of Grounds 4, 6, and 7 are not exhausted.**

The Court finds the remaining subclaims in Grounds 4–6 (insufficient evidence to convict him of any count other than kidnapping), the two subclaims in Ground 7 (ineffective assistance of counsel for failure to investigate the raids on Alexander's residence or to allow him to testify at trial), and Ground 9 (improper impaneling of a juror) were not exhausted. Thus, I recommend finding that Alexander filed a mixed petition.

---

[4] The Court previously gave Alexander time to exhaust the claims in Grounds 7(a), 7(b), 7(d) (ineffective assistance of trial counsel), 8 (ineffective assistance of appellate counsel), and 10 (actual innocence), that he raised in his state habeas petition but failed to seek review from the New Mexico Supreme Court. (*See* Doc. 41.) Although those claims are now exhausted, that process did not change the status of the remaining unexhausted claims.

Respondents assert that the Court may exercise its discretion to deny the unexhausted claims on the merits. (*See, e.g.*, Doc. 54 at 23–25, 27, 30–31.) Although the Court agrees that several of the unexhausted claims may be easily denied on the merits, the Court will decline to do so.

Instead, the Court recommends giving Alexander "the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to" this Court. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). Specifically, I recommend setting a 21-day deadline for Alexander to voluntarily dismiss his unexhausted claims. If Alexander fails to submit a voluntary dismissal of the claims, I recommend the Court dismiss the entire Petition without prejudice.

Alexander should take care to "assess the ramifications of" these two options. *See Casaus v. Hatch*, No. 20-1269, 2023 WL 6805727, at *6 (D.N.M. Oct. 16, 2023). If he chooses to dismiss the unexhausted claims in Grounds 4–7 and 9 and pursue the remaining exhausted claims only, "'he could lose the opportunity to litigate his presently unexhausted claims in federal court,' because the unexhausted claims could be characterized as 'second or successive' in a subsequent federal action under Section 2254." *See id.* (quoting *Rose*, 455 U.S. at 514, 521) (citing 28 U.S.C. § 2244(b); *Tapia v. Lemaster*, 172 F.3d 1193, 1194–96 (10th Cir. 1999)). If he opts against dismissing the unexhausted claims and the Court dismisses his entire Petition, he "should consider whether state and/or federal statutes of limitation may bar some or all of his claims (whether exhausted or not) should he try to pursue them in state and/or federal court in the future." *See id.* (citing § 2244(d)(2); *Duncan v. Walker*, 533 U.S. 167, 181–82 (2001) (the statute of limitations is not tolled during the pendency of a federal habeas petition)).

The Court previously entered an Order allowing Alexander until October 7, 2024, to file a reply brief to Respondents' Supplemental Answer. (*See* Doc. 59.) Should Alexander choose to dismiss his unexhausted claims and move forward only with his exhausted claims, the Court will enter an order extending the deadline for his reply brief. The Order will allow Alexander to file his reply brief no later than 14 days after he files his notice of voluntary dismissal.

## IV. Conclusion

**IT IS HEREBY RECOMMENDED** that the Court set a 21-day deadline for Alexander to voluntarily dismiss the unexhausted claims (the portions of Grounds 4–6 alleging insufficient evidence to convict him of any count other than kidnapping, the two subclaims in Ground 7 alleging ineffective assistance of counsel for failure to investigate the raids on Alexander's residence or to allow him to testify at trial, and Ground 9 (improper impaneling of a juror)) so that he may go forward only with the exhausted claims (Ground 1 (juror confusion), Grounds 2–3 and the portions of Grounds 4 and 6 related to the kidnapping-related claims, all of Ground 8 and the remaining subclaims in Ground 7 regarding ineffective assistance of counsel, and Ground 10 (actual innocence).

**IT IS FURTHER RECOMMENDED** that, if Alexander fails to voluntarily dismiss the unexhausted claims within the 21-day deadline, the Court dismiss the entire mixed Petition without prejudice.

**THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the 14-day period if that party wants to have appellate**

**review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
DAMIAN L. MARTINEZ
UNITED STATES MAGISTRATE JUDGE