IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

WILLIAM PAUL ALEXANDER,
        Petitioner,

                                  No. 1:21-cv-0599 MV/DLM

FNU LNU, Warden, C.N.M.C.F., and
Attorney General for the State of New Mexico,
        Respondents.

## ORDER ADOPTING PROPOSED FINDINGS AND RECOMMENDED DISPOSITION AND SETTING A 21-DAY DEADLINE

THIS MATTER is before the Court on United States Magistrate Judge Damian L. Martínez's Proposed Findings and Recommended Disposition (PFRD), filed September 19, 2024. (Doc. 60.) Judge Martínez finds that Alexander's petition is still mixed, containing both exhausted and unexhausted claims. (*See id.* at 1.) He recommends that the Court give Alexander 21 days to voluntarily dismiss the unexhausted claims. (*See id.*) The PFRD notified the parties of their ability to file objections no later than 14 days after the PFRD was filed. (*Id.* at 10–11.) Respondents filed a Notice of Non-Objection. (Doc. 63.)

Alexander sought and received four extensions to the deadline for filing objections to the PFRD. (*See* Docs. 65–70; 72–73.) On March 7, 2025, Alexander submitted a letter in which he asserts that he "shall pursue path #1 Rule 12-501(c)(3) NMRA." (Doc. 74.) As the Court stated in the January 13, 2025 Order extended time for objections, "[a]t this point, Alexander is only required to determine whether he objects to the course of action outlined in the [September 19, 2024] PFRD." (Doc. 70 at 4.) Alexander's March 7, 2025 letter does not outline any objections to that PFRD. (*See* Doc. 74.) Accordingly, the Court concludes that neither party has objected to the PFRD within the time allowed; therefore, appellate review has been waived.

**IT IS THEREFORE ORDERED** that the PFRD (Doc. 60) is **ADOPTED**.

**IT IS FURTHER ORDERED** that Alexander has **21 days** from receipt of this Order to file a notice with the Court that voluntarily dismisses the unexhausted claims (the portions of Grounds 4–6 alleging insufficient evidence to convict him of any count other than kidnapping, the two subclaims in Ground 7 alleging ineffective assistance of counsel for failure to investigate the raids on Alexander's residence or to allow him to testify at trial, and Ground 9 (improper impaneling of a juror)).

If Alexander chooses this option, the Court will move forward to determine only the exhausted claims (Ground 1 (juror confusion), Grounds 2–3 and the portions of Grounds 4 and 6 related to the kidnapping-related claims, all of Ground 8 and the remaining subclaims in Ground 7 regarding ineffective assistance of counsel, and Ground 10 (actual innocence)).

**IT IS FURTHER ORDERED** that, if Alexander fails to file a notice to voluntarily dismiss the unexhausted claims within the 21-day deadline, or alternatively, if Alexander files a notice indicating that he wishes to pursue exhaustion of his remaining state claims, then the Court will dismiss the entire mixed Petition without prejudice.[1]

**IT IS SO ORDERED.**

_____
MARTHA VAZQUEZ
SENIOR UNITED STATES DISTRICT JUDGE

---

[1] As noted in both the PFRD and the Court's January 13, 2025 Order, "[i]f Alexander does not voluntarily dismiss the unexhausted claims and the Court dismisses his entire petition, he may find that *all* his claims are time-barred by state and/or federal statutes of limitations if he attempts to bring them in the future." (Doc. 70 at 4 (citing Doc. 60 at 9)).